## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: S.M. & M.M.**

**No. 13-0943** (Roane County 12-JA-19 & 12-JA-20)

**FILED**

February 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Father, by counsel Betty Clark Gregory, appeals the Circuit Court of Roane County's order entered on August 15, 2013, terminating his parental rights to his children, S.M., age 13, and M.M., age 8. The West Virginia Department of Health and Human Resources ("DHHR"), by William P. Jones, its attorney, filed its response. The children's guardian ad litem, H. Beth Sears, filed a response on behalf of the children in support of the circuit court's order. The children's mother, by counsel Erica Brannon Gunn, also filed a response in support of the circuit court's order. On appeal, petitioner argues that the termination was clearly erroneous or that termination of his parental rights should have been heard in family court.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and Respondent Mother were married for over ten years, divorcing in January of 2011. A few months later, Respondent Mother remarried. In December of 2012, the DHHR and Respondent Mother filed a petition for abuse and neglect, alleging that petitioner exposed the children to drugs and drug transactions, and that petitioner physically and emotionally harmed the children. After adjudicatory hearings in March and May of 2013, the circuit court adjudicated petitioner to be an abusing parent, based upon leaving drugs in places that were within reach of the children, twisting S.M.'s arm, threatening Respondent Mother's life in front of S.M., and failure to attend drug screens and visitations with M.M.[1] In addition to missing six of twenty-four drug screens, petitioner failed two screens, according to testimony by a DHHR worker.

Following a dispositional hearing, by order entered August 15, 2013, the circuit court terminated petitioner's parental rights. In its order, the circuit court found that petitioner had failed to make admissions to allegations contained against him in the petition, and "has never shown any interest in working to correct the conditions of abuse and neglect." The circuit court

---

[1] Petitioner only attended four of the fifteen opportunities he had to meet with M.M. The other child, S.M., refused visitation with petitioner, according to a DHHR worker.

1

concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the future due to petitioner's failure to acknowledge the conditions of his abuse and neglect and failure to comply with services. It is from this order that petitioner now appeals.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues two assignments of error. First, petitioner argues that the case was improperly heard in the circuit court and should have been heard in family court, because family courts have jurisdiction over adoption, divorces, and child custody issues. This first assignment of error is without merit. West Virginia Code § 49-6-1(a) provides

> [t]he department . . . may present a petition setting forth the facts to the circuit court in the county in which the child resides, or . . . in which the custodial respondent or other named party abuser resides, or in which the abuse or neglect occurred, or to the judge of the court in vacation. . . .

Thus, West Virginia Code § 49-6-1(a) clearly grants jurisdiction to circuit courts to hear abuse and neglect petitions from the DHHR, and jurisdiction remains with the circuit court thereafter. *See* Rule 6, W.Va. Rules of Procedure for Child Abuse and Neglect Proceedings; Rule 48(d), W.Va. Rules of Practice and Procedure for Family Court.

Second, petitioner argues that the circuit court was clearly erroneous in terminating his parental rights because it could have awarded sole custody to the non-abusing parent as an alternative to termination. Petitioner further argues that "it is rarely ever in the children's best interest to terminate their parental rights." The circuit court's decision to decline to select a less-restrictive disposition is supported by the record. West Virginia Code § 49-6-5(a)(6), in pertinent part, directs that circuit courts shall, "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child, terminate the parental, custodial and guardianship rights and responsibilities of the abusing parent . . . ." Here, the circuit court specifically found that

petitioner "has never shown any interest in working to correct the conditions of abuse and neglect in this case. Additionally, [petitioner] has not shown an interest in receiving services to aid in correct [sic] the conditions of abuse and neglect and has shown no effort to cooperate with said services." This finding is supported by the fact that petitioner refused to submit to drug screens, failing drug screens, and missing visitation meetings with M.M. Pursuant to West Virginia Code § 49-6-5(b)(3), this constitutes a situation where there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court and the termination of parental rights is hereby affirmed.

Affirmed.

**ISSUED**: February 18, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II